**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DOMINGUEZ GONZALEZ ERICKSON,** | : | CIVIL NO. 3:14-CV-1563 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **UNITED STATES OF AMERICA and B. CARNEY,** | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Erickson Dominguez-Gonzalez ("Plaintiff") a federal inmate previously incarcerated at the United States Penitentiary at Lewisburg ("USP-Lewisburg") filed a <u>Bivens</u>[1] and Federal Tort Claims Act ("FTCA")[2] complaint on August 18, 2014, naming as defendants Chaplain B. Carney and the United States of America. (Doc. 1). He alleges that his religious rights have been violated in that he has been prohibited from observing various Jewish holidays. (<u>Id.</u> at pp. 2-3).

Presently pending is defendants' motion (Doc. 15) to dismiss pursuant to Federal Rule

---

[1] <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). <u>Bivens</u> stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." <u>Butz v. Economou</u>, 438 U.S. 478, 504 (1978).

[2] The FTCA, 28 U.S.C. § 2679(b)(1), provides that a suit against the United States is the exclusive remedy for persons seeking recovery for common law torts committed by federal employees within the scope of their federal employment. <u>See</u> also 28 U.S.C. §1346(b)(governing jurisdiction). Because the FTCA is a limited waiver of sovereign immunity which extends to the United States, but not to its agencies and employees, the United States is the only appropriate defendant.

of Civil Procedure 12(b)(6) and for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons that follow, the motion will be granted.

**I.     Motion to Dismiss**

The United States seeks dismissal of plaintiff's FTCA claim on the ground that it is not a cognizable tort claim.

**A.     Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6)

2

motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

### B. Allegations of the Complaint

Plaintiff alleges that "[s]ince 5-16-13, I have been prohibited from observing the Sabbath Day and other Judaic observances, [including] most recently, the Passover, on date 4-14-14. Chaplain B. Carney has been denying me my religious rights at the place of USP Lewisburg for the simple fact of been [sic] a Mexican." (Doc. 1, pp. 2-3).

### C. Discussion

By virtue of the FTCA, Congress has consented to liability for money damages suits against the United States for injury or loss of property "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). The FTCA allows recovery for damages for

personal injuries sustained during confinement in a federal prison by reason of the negligence of a government employee. 28 U.S.C. § 2674; United States v. Muniz, 374 U.S. 150 (1963).

In considering an FTCA claim, the law of the place where an act or omission occurs is to be applied. 28 U.S.C. § 1346(b). Because USP Lewisburg is in Pennsylvania, Pennsylvania law applies. Under Pennsylvania law, a plaintiff must prove the following elements to establish a *prima facie* claim for negligence: "(1) the defendant had a duty to conform to a certain standard of conduct; (2) the defendant breached that duty; (3) such breach caused the harm in question; and (4) the plaintiff incurred actual loss or damage." Krentz v. Consol.Rail Corp., 589 Pa. 576, 910 A.2d 20, 27 (Pa. 2006).

Plaintiff has failed to state a cognizable claim for damages under the FTCA. His sole claim is that his right to practice his religion was denied. The FTCA does not provide a remedy for constitutional torts. See F.D.I.C. v. Meyer, 510 U.S. 471, 478 (1994); Williams v. United States, 242 F.3d 169, 175 (4th Cir. 2001). Because the FTCA contains no waiver of immunity for claims of federal constitutional violations, plaintiff's assertion of alleged unconstitutional acts are not cognizable under the FTCA and will be dismissed. See Coudon v. Duffy, 446 F.3d 483, 499 (3d Cir. 2006) (finding that "the United States is not liable under the FTCA for money damages for suits arising out of constitutional violations"); James v. United States. 2009 WL 2605305, at *5 (W.D.Pa. Aug.21, 2009) ("It is well-settled that the FTCA does not waive the United States' sovereign immunity for constitutional torts that may have been committed by its employees").

**II.    Motion for Summary Judgment**

4

### A. Standard of Review

Through summary adjudication the court may dispose of those claims that do not present a "genuine issue as to any material fact" and for which a jury trial would be an empty and unnecessary formality. See FED. R. CIV. P. 56(c). The burden of proof is upon the non-moving party to come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief. Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); FED. R. CIV. P. 56(e); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "'The non-moving party may not simply sit back and rest on the allegations in the complaint; instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, and designate specific facts showing that there is a genuine issue for trial.' Celotex [ ], 477 U.S. [ ] 324 [ ] (1986) (internal quotations omitted)." Schiazza v. Zoning Hearing Bd., Fairview Twp., York County, Pa, 168 F. Supp. 2d 361, 365 (M.D. Pa. 2001). This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986); see also FED. R. CIV. P. 56(c), (e). Only if this threshold is met may the cause of action proceed. Pappas, 331 F. Supp. 2d at 315.

### B. Statement of Material Facts

"A motion for summary judgment filed pursuant to FED. R. CIV. P. 56 shall be accompanied by a separate, short and concise statement of the material facts . . . as to which the moving party contends there is no genuine issue to be tried." See L.R. 56.1. The

opposing party shall file a separate statement of the material facts as to which it is contended that there exists a genuine issue to be tried. Id. "All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." Id.

The Federal Bureau of Prisons ("BOP") has an administrative remedy procedure through which inmates can seek formal review of an issue relating to any aspect of his or her confinement. (Doc. 18, ¶ 1, citing 28 C.F.R. §§ 542.10, *et seq.*). In order to exhaust appeals under the administrative review procedure, an inmate must first informally present his complaint to staff, and staff is to attempt to resolve the matter. (Id. at ¶ 2, citing 28 C.F.R. § 542.13(a)). If informal resolution is unsuccessful, then the inmate may raise his complaint with the Warden within twenty calendar days of the date of the incident. (Id. at ¶ 3, citing 28 C.F.R. § 542.14). If the inmate is dissatisfied with the Warden's response, he may then appeal to the Regional Director within twenty calendar days of the date of the Warden's response. (Id. at ¶ 4, citing 28 C.F.R. § 542.15(a)). If the response of the Regional Director is not satisfactory, the inmate may then appeal to the BOP Central Office within thirty calendar days, which office is the final administrative appeal level in the BOP. (Id. at ¶ 5). If a remedy is rejected at any level, it is returned to the inmate with a written notice explaining the reason for rejection. (Id. at ¶ 6, citing 28 C.F.R. § 542.17). No administrative appeal is considered to have been fully exhausted until considered by the BOP's Central Office. (Id. at ¶ 7).

Plaintiff attempted informal resolution on or about June 3, 2013, with respect to

religious accommodation, "Informal Resolution Attempt # 13-089." (Doc. 22, ¶¶ 9-10; Doc. 24, p. 4). In response, he was asked to provide additional information with regard to his Sabbath food requests. (Doc. 24, p. 6). He failed to provide additional information. (Id.) He was informed of the procedures for requesting accommodation, was provided with an address for an outside group that provides Jewish resources, and was given a brochure outlining Jewish holy days and fast days. (Id.)

Plaintiff did not pursue administrative remedies concerning the allegations raised in the instant complaint beyond attempting informal resolution. (Doc. 18, ¶ 12; Doc. 22, ¶¶ 9-10). The only administrative remedy he has filed since is arrival at USP-Lewisburg involved an appeal of the results of a disciplinary hearing. (Id. at ¶¶ 9-11).

### C. Discussion

Under the Prison Litigation Reform Act of 1996 (the "PLRA"), a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action concerning prison conditions. *See* 42 U.S.C. § 1997e(a); Booth v. Churner, 206 F.3d 289, 291 (3d Cir. 2000). Specifically, "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). As the statute's language makes clear, the exhaustion of available administrative remedies prior to filing suit is mandatory. See Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir.2000) ("[I]t is beyond the power of this court—or any other—to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis.") (quoting Beeson v. Fishkill Corr. Facility, 28 F. Supp.2d 884, 894–95

7

(S.D.N.Y. 1998)). Whether an inmate has exhausted administrative remedies is a question of law that is to be determined by the court, even if that determination requires the resolution of disputed facts. See Small v. Camden County, 728 F.3d. 265, 268 (3d Cir. 2013); see also Drippe v. Tobelinski, 604 F.3d 778, 781 (3d Cir. 2010).

The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Woodford v. Ngo, 548 U.S. 81, 90–92 (2006). It requires compliance with the prison's "deadlines and other critical procedural rules." Porter v. Nussle, 534 U.S. 516, 532 (2002). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 211–212 (2007).

Plaintiff concedes that he failed to exhaust his administrative remedies but argues that it is not necessary to completely exhaust "all process if we count with one or more proof; we can skeep [sic] steps and write a tort claim directly to the Regional Director of the (BOP)." (Doc. 22, p. 4). Plaintiff is clearly mistaken in that exhaustion requires pursuit of a grievance through each level of appeal available within the prison system. Spruill v. Gillis, 372 F.3d 218, 232 (3d Cir. 2004). The motion to dismiss the Bivens claim will be granted based on Plaintiff's failure to exhaust available administrative remedies.

### III. Conclusion

Based on the foregoing, defendants' motion (Doc. 15) to dismiss pursuant to Federal

8

Rule of Civil Procedure 12(b)(6) and for summary judgment pursuant to Federal Rule of Civil Procedure 56 will be granted.

An appropriate order will enter.

**BY THE COURT:**

**s/James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**

Dated: August 31, 2015